IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| PHYLLIS MARIE TATE & P & T TRUCKING, LLC, an Alabama corporation,<br><br>      Plaintiffs,<br><br>vs.<br><br>MONROE GUARANTY INSURANCE COMPANY, a foreign motor carrier insurer, CHURCH HILL TRUCKING, INC., a Georgia Corporation, and SAMMIE LEE VANOVER, III, individually and as an agent and employee of CHURCH HILL TRUCKING, INC., and John Doe defendants (1-3),<br><br>      Defendants. | Civil Action No.: 1:17-CV-00184 WLS |

## DEFENDANTS' REQUESTS TO CHARGE

COME NOW Monroe Guaranty Insurance Company, Church Hill Trucking, Inc., and Sammie Lee Vanover, III, Defendants in the above referenced matter, and request the Court to charge the jury the separately numbered charges attached hereto.

*Signatures on following page*

This 19th day of March, 2021.

*/s/* **David N. Nelson**
David N. Nelson
Georgia Bar No.: 537760


*/s/* **Christina M. Curreli**
Christina M. Curreli
Georgia Bar No.: 700562

*Attorneys for Defendants*

CHAMBLESS, HIGDON RICHARDSON,
KATZ & GRIGGS, LLP
P.O. Box 18086
Macon, GA 31209-8086
(478) 745-1181
dnelson@chrkglaw.com

## REQUEST TO CHARGE NO.: 1

I charge you that at the beginning of the trial you took an oath to render a true verdict, according to the law given you in this charge, and the opinion you entertained of the evidence produced to you, to the best of your skill and knowledge, without favor or affection to either party.  This means that your verdict should be a true verdict based upon your opinion of the evidence according to the laws given you in this charge.  You are not to show favor or sympathy to one party or the other.  It is your duty to consider the facts objectively without favor, affection, or sympathy to either party.

AUTHORITY:   O.C.G.A. § 15-12-138.

## REQUEST TO CHARGE NO.: 2

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it—even if you do not agree with the law—and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

AUTHORITY:  Eleventh Circuit Pattern Jury Instruction 3.2.2

## REQUEST TO CHARGE NO. 3

In this case it is the responsibility of the Plaintiff as the party bringing her claims to prove every essential part of her claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true. If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiff.  When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them. If the proof fails to establish any essential part of the Plaintiff's by a preponderance of the evidence, you should find for the Defendant as to that claim.

AUTHORITY:  Eleventh Circuit Pattern Jury Instruction 3.7.1

## REQUEST TO CHARGE NO.: 4

In this case, Defendants have asserted the affirmative defense comparative negligence, equal negligence, and avoidance of the consequences.  Even if the Plaintiff proves her claims by a preponderance of the evidence, the Defendants can prevail in this case if they proves an affirmative defense by a preponderance of the evidence.

When more than one affirmative defense is involved, you should consider each one separately.

I caution you that the Defendants do not have to disprove the Plaintiff's claims, but if the Defendants raise an affirmative defense, the only way Defendants prevail on that specific defense is if they prove that defense by a preponderance of the evidence

AUTHORITY:  Eleventh Circuit Pattern Jury Instruction 3.7.2

## REQUEST TO CHARGE NO: 5

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

AUTHORITY:  Eleventh Circuit Pattern Jury Instruction 3.4

## REQUEST TO CHARGE NO.: 6

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

AUTHORITY:  Eleventh Circuit Pattern Jury Instruction 3.5.1

## REQUEST TO CHARGE NO.: 7

The testimony of a party who offers him or herself as a witness in his or her own behalf is to be construed most strongly against him or her when it is self-contradictory, vague, or equivocal.


AUTHORITY: <u>Southern Railroad Co. v. Hobbs</u>, 121 Ga. 428 (1904); <u>Douglas v. Sumner</u>, 213 Ga. 82 (1957); <u>Peacock v. Chegwidden</u>, 238 Ga. App. 328 (1999).

## REQUEST TO CHARGE NO.: 8

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that ——————— eld is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

AUTHORITY:  Eleventh Circuit Pattern Jury Instruction 3.6.1

# REQUEST TO CHARGE NO.: 9

Any conflicts in the evidence are to be reconciled wherever possible. All witnesses are presumed to speak the truth and, if possible, you should not attribute a false statement to any of them. If you find that you cannot reconcile conflicting evidence, then you should believe the evidence that is most reasonable and believable to you and decide the case by the preponderance of the evidence as you find it to be.

AUTHORITY:   Georgia Suggested Pattern Jury Instructions, Vol. I, 5th Ed., 02.140.

## REQUEST TO CHARGE NO.: 10

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters. In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions.

You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal diference in the weight you may give to either direct or circumstantial evidence.

AUTHORITY:  Eleventh Circuit Pattern Jury Instructions 3.3

## REQUEST TO CHARGE NO.: 11

Ordinary negligence means the absence of or the failure to use that degree of care that is used by ordinarily careful persons under the same or similar circumstances. Before a plaintiff can recover damages from a defendant in a case such as this, there must be injury to the plaintiff resulting from the defendant's negligence.

AUTHORITY: Georgia Suggested Pattern Jury Instructions, Vol. I, 5th Ed., 60.010.

## REQUEST TO CHARGE NO.: 12

I charge you that negligence cannot be presumed or inferred from the mere happening of an event. The mere fact one vehicle is struck by another does not establish liability or negligence on the driver of either vehicle.

AUTHORITY:  <u>Lucas v. Lowe</u>, 238 Ga. App. 463, 465-466 (1999).

## REQUEST TO CHARGE NO.: 13

The mere fact that an accident happened and the plaintiff may have sustained injuries or damages affords no basis for recovery against a particular defendant unless the plaintiff carries the burden of proof and shows that such accident and damages were caused by specific acts of negligence on the part of that defendant.

AUTHORITY:  <u>Cromer v. Hodges</u>, 216 Ga. App. 548, 549 (1995); <u>Berry v. Hamilton</u>, 246 Ga. App. 608 (2000).

## REQUEST TO CHARGE NO.: 14

Every person has a duty to use ordinary care for his or her own safety.

If you should determine from the evidence that the plaintiff failed to use ordinary care and that this failure was the sole proximate cause of the plaintiff's injuries, then the plaintiff could not recover from the defendants.

AUTHORITY:  Georgia Suggested Pattern Jury Instructions, Vol. I, 5th Ed., 60.110.

## REQUEST TO CHARGE NO.: 15

I charge you that if you find from the evidence that both Plaintiff Phyllis Marie Tate and the Defendant Sammie Lee Vanover, III were negligent, but that Plaintiff Phyllis Marie Tate was more negligent than Defendant Sammie Lee Vanover, III, then there can be no recovery by the plaintiff and your verdict must be for the defendants.

If you find that both plaintiff and defendants were equally negligent, and that the negligence of both contributed in causing this incident, then your verdict must be for the defendant, because the law says that if two persons are equally negligent, one just as negligent as the other and the negligence of each contributed to and caused the injury, then neither of them can recover from the other.

If you find that both plaintiff and defendants were negligent, but that plaintiff was less negligent than defendants, then there could be a recovery for plaintiff but the amount of damages that you would award would be diminished by you in an amount proportionate to the amount of negligence attributable to plaintiff.

AUTHORITY:  Underwood v. Atlanta & West Point Railroad Co., 105 Ga. App. 340 (1962).

## REQUEST TO CHARGE NO.: 16

In a negligence case, like this one, where it is contended the plaintiff is also negligent in some degree, the plaintiff is not precluded from recovery against the defendants, unless you find that plaintiff is 50 percent or more responsible for her injury or damages claimed.

You shall determine the percentage of fault of each party, including the percentage of Plaintiff's fault, if any, where the plaintiff's fault is less than 50 percent responsible for any injury and/or damages claimed. If you determine that the Plaintiff's fault is less than 50% you shall apportion the total award of damages, if any, between the person who is liable to the plaintiff by a preponderance of the evidence, and the Plaintiff according to their respective percentages of fault by specifying the numerical percentage of fault on the verdict form that you have attributed to the Plaintiff and to the Defendants.

Remember, the Plaintiff is not entitled to recover any damages if you find the Plaintiff is 50 percent or more responsible for the injury or damage(s) claimed.

AUTHORITY:  Georgia Suggested Pattern Jury Instructions, Vol. 1, Fifth Edition 60.141, O.C.G.A. § 51-12-33, *Clark v. Rush*, 312 Ga. App. 333 (2011)

## REQUEST TO CHARGE NO.: 17

If you find that the defendant was negligent so as to be liable to the plaintiff and that the plaintiff also was negligent, thereby contributing to the plaintiff's injury and damage, but that the plaintiff's negligence was less than the defendant's negligence, then the negligence of the plaintiff would not prevent the plaintiff's recovery of damages but would require that you reduce the amount of damages otherwise awarded to the plaintiff in proportion to the negligence of the plaintiff compared with that of the defendant.

AUTHORITY: Georgia Suggested Pattern Jury Instructions, Vol. I, 5th Ed., 60.141.

## REQUEST TO CHARGE NO.: 18

If you find that the Defendant Sammie Lee Vanover, III was negligent, and that the Plaintiff Phyllis Marie Tate was also guilty of negligence that contributed to her injury and damages, and that Plaintiff Phyllis Marie Tate's negligence was equal to or greater than that of Defendant Sammie Lee Vanover, III, then the plaintiff cannot recover.

AUTHORITY: Georgia Suggested Pattern Jury Instructions, Vol. I, 5th Ed., 60.140.

## REQUEST TO CHARGE NO.:  19

No motor carrier shall schedule a run nor permit nor require the operation of any commercial motor vehicle between points in such period of time as would necessitate the commercial motor vehicle being operated at speeds greater than those prescribed by the jurisdictions in or through which the commercial motor vehicle is being operated.

AUTHORITY:  Federal Motor Carrier Safety Regulations § 392.6

## REQUEST TO CHARGE NO.: 20

No motor carrier shall permit or require any driver used by it to drive a property-carrying commercial motor vehicle, nor shall any such driver drive a property-carrying commercial motor vehicle, regardless of the number of motor carriers using the driver's services, unless the driver complies with the following requirements:

(1) *Start of work shift.* A driver may not drive without first taking 10 consecutive hours off duty;

(2) *14-hour period.* A driver may not drive after a period of 14 consecutive hours after coming on-duty following 10 consecutive hours off-duty.

(3) *Driving time and interruptions of driving periods*—(i) *Driving time.* A driver may drive a total of 11 hours during the period specified in paragraph (a)(2) of this section.

AUTHORITY:  Federal Motor Carrier Safety Regulations § 395.3

## REQUEST TO CHARGE NO.: 21

I charge you that a driver does not have the right to assume that the road ahead of her is clear of traffic, and it is the driver's duty to maintain a diligent lookout ahead of her car.

AUTHORITY: <u>Wallace v. Yarbrough</u>, 155 Ga. App. 184 (1980).

## REQUEST TO CHARGE NO.: 22

No person shall drive a vehicle at a speed greater than is reasonable and careful under the conditions and having regard for the actual and potential hazards then existing.


AUTHORITY:    Georgia Suggested Pattern Jury Instructions, Vol. I, 5th Ed., 42.010.

## REQUEST TO CHARGE NO.: 23

If you find the defendants were negligent and if the plaintiff, by the exercise of ordinary care, could have avoided the consequences caused by the defendants' negligence, then the plaintiff is not entitled to recover. In other cases, the defendant is not relieved even though the plaintiff may have contributed to the injury sustained. The plaintiff's duty to exercise ordinary care to avoid the consequences of the defendant's negligence does not arise until the defendant's negligence exists and a reasonable person, in the exercise ordinary care, should have known of such negligence.

AUTHORITY:   *Daly v. Berryhill*, 308 Ga. 831 (2020).

## REQUEST TO CHARGE NO.: 24

The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway.

AUTHORITY:   O.C.G.A. § 40-6-49

**REQUEST TO CHARGE NO.: 25**

Proximate cause is that which, in the natural and continuous sequence, unbroken by other causes, produces an event and without which the event would not have occurred.  Proximate cause is that which is nearest in the order of responsible causes, as distinguished from remote, that which stands last in causation, not necessarily in time or place, but in causal relation.

AUTHORITY:   Georgia Suggested Pattern Jury Instructions, Vol. I, 5th Ed., 60.200.

## REQUEST TO CHARGE NO.: 26

I charge you that you should not consider the question of damages in this case until you have first determined whether the defendant is liable for the losses and damages claimed by the plaintiff, and if you find upon the evidence and under the instructions of the Court that the defendant is not liable to the plaintiff, then you would have no occasion at all to consider the question of damages. The fact that the Court has given you instructions on the subject of the plaintiff's damages, if any, is not to be taken by you as an indication on the part of the Court that the defendant is liable for the losses or damages complained of by the plaintiff.

## REQUEST TO CHARGE NO.: 27

Damages are given as pay or compensation for injury done.

Where one party is required to pay damages to another, the law seeks to ensure that the damages awarded are fair to both parties.

If you believe from a preponderance of the evidence that the plaintiff is entitled to recover, you should award to the plaintiff such sums as you believe are reasonable and just in this case.

AUTHORITY:   Georgia Suggested Pattern Jury Instructions, Vol. I, 5th Ed., 66.001.

## REQUEST TO CHARGE NO.: 28

I charge you that the law does not permit you to speculate or guess as to the cause of any alleged injury and damage. If you believe that from the evidence adduced that the cause of any injury or medical condition which may have been suffered by the plaintiff cannot be determined by a preponderance of the evidence but that it is a matter of speculation or conjecture, then in that event you would not be authorized to find a verdict against the defendant in any amount. In such an instance it would be your duty to return a verdict in favor of the defendant because it is absolutely necessary for the plaintiff, in order to recover damages from the defendant, to show by a legal preponderance of the evidence that the particular loss complained of was proximately caused by the negligence of the defendant.

AUTHORITY: Levine v. Choi, 240 Ga. App. 384, 386-387 (1999).

## REQUEST TO CHARGE NO.: 29

No plaintiff may recover for injuries or disabilities that are not connected with the act or omissions of the defendant in this case.  There can be no recovery for a particular plaintiff for any injury or disability that was not proximately caused by the incident in question.

If you should find that, at the time of the incident, the plaintiff had any physical condition, ailment, or disease that was becoming apparent or was dormant, and if you should find that the plaintiff received an injury as a result of the negligence of the defendant and that the injury resulted in any aggravation of a condition already pending, then the plaintiff could recover damages for aggravation of the preexisting condition.

AUTHORITY:  Georgia Suggested Pattern Jury Instructions, Vol. I, 5th Ed., 66.504.

## REQUEST TO CHARGE NO.: 30

I charge you that medical evidence showing only a possibility of a causal relationship between the accident and the injuries alleged is not by itself sufficient to establish such a relation unless there is other evidence which taken in conjunction with the medical evidence establishes that the injuries alleged naturally and probably result from the accident in question.


AUTHORITY:   <u>Kent v. Peters</u>, 211 Ga. App. 698, 699 (1994).

## REQUEST TO CHARGE NO.: 31

If you find that the plaintiff's pain and suffering will continue into the future, you should award damages for such future pain and suffering as you believe the plaintiff will endure. In making such award, your standard should be your enlightened conscience as impartial jurors. You would be entitled to take into consideration the fact that the plaintiff is receiving a present cash award for damages not yet suffered.

AUTHORITY:     Georgia Suggested Pattern Jury Instructions, Vol. I, 5th Ed., 66.503.

## REQUEST TO CHARGE NO.: 32

Loss of earnings from the time of the alleged injury to the time of trial is a legal item of damages, and its measure is the value of the earnings that the evidence shows with reasonable certainty the plaintiff has lost as a result of the injury. You may consider what the plaintiff was making at the time of the injury, what was made since the injury, the amount customarily paid in the locality for the kind of work the plaintiff does, and similar matters. There must be some evidence before you as to the plaintiff's loss.

AUTHORITY:  Georgia Suggested Pattern Jury Instructions, Vol. 1, 5th Ed., 66.100

## REQUEST TO CHARGE NO.: 33

Your verdict should be a true verdict based upon your opinion of the evidence according to the laws given you in this charge. You are not to show favor or sympathy to one party or the other. It is your duty to consider the facts objectively without favor, affection, or sympathy to either party.  In deciding this case, you should not be influenced by sympathy or prejudice (because of race, creed, color, religion, national origin, sexual preference, local or remote residence, economic (or corporate) status) for or against either party.

AUTHORITY:      O.C.G.A. §15-12-138

## REQUEST TO CHARGE NO.: 34

The object of all legal investigation is the discovery of truth, and rules of evidence are designed with that one prominent purpose in mind. During the course of this trial there may be objections made by the lawyers and rulings made by the court. These objections and rulings will involve the technical rules of evidence, and you should draw no inferences and make no assumptions from either the lawyer's objections or the court's rulings. Evidence that is not admitted because of an objection or other reason shall not be considered by you.

AUTHORITY: Georgia Suggested Pattern Jury Instructions, Vol. 1, Fifth Edition, 00.070.

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically filed a copy of the foregoing pleading with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Terry D. Jackson, Esq.
Terry D. Jackson, P.C.
600 Edgewood Avenue
Atlanta, Georgia 30312
**Attorney for Plaintiffs**

Roger E. Harris, Esq.
Jonathan J. Kandel
Swift, Currie, McGhee & Hiers, LLP
1355 Peachtree Street, NE, Suite 300
Atlanta, GA 30309
**Attorney for Occidental Fire & Casualty
Company of North Carolina**

This 19th day of March, 2021.

*/s/* **David N. Nelson**
David N. Nelson
Georgia Bar No. 537760